# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DOUGLAS WILLIAM ARNOLD,** | ) | CASE NO. 7:19CV00664 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **C. DAVIS, WARDEN,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Douglas William Arnold, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his confinement under a state court criminal judgment. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice to allow Arnold to fully exhaust state court remedies.

On September 5, 2017, the Pittsylvania County Circuit Court sentenced Arnold to ten years of imprisonment following a conviction for taking indecent liberties with a minor. His direct state appeals, which were unsuccessful, concluded when the Supreme Court of Virginia refused his petition for appeal on December 3, 2018.

Arnold filed this § 2254 petition on September 30, 2019. He alleges that he is in custody in violation of the Constitution because (1) false evidence was used to convict him, (2) an investigator failed to disclose exculpatory evidence, (3) his appellate counsel provided ineffective assistance, and (4) Arnold is actually innocent. Arnold states that he has not filed any other court actions or petitions related to his conviction, and state court records online do not reflect that he has filed any petition for a writ of habeas corpus in the circuit court or in the Supreme Court of Virginia.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was

convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider them. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, "[c]laims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." Lenz v. Commonwealth, 544 S.E. 2d 299, 304 (Va. 2001). To exhaust his state court remedies on such claims, Arnold can file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); id. § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling before a federal district court could grant relief under § 2254 on an ineffective assistance claim. If a § 2254 petitioner has not presented his habeas claims to the state courts and could still do so, a federal court should dismiss his petition without prejudice. Slayton v. Smith, 404 U.S. 53, 54 (1971).

Arnold may have presented Claims (1) and (2), and possibly Claim (4), in the direct appeal proceedings, which might satisfy the exhaustion requirement in § 2254(b) as to those claims. Claim (3), alleging ineffective assistance of counsel, could not have been raised on direct appeal. Lenz, 544 S.E. 2d at 304. Arnold admits that other than the direct appeals, he has not filed any state court habeas petition. As described above, he could still do so if he acts promptly. See Va. Code Ann. § 8.01-654(A)(2) (providing that a habeas petition attacking a criminal conviction or sentence shall be filed within one year of the final disposition of the direct appeal in state court). Thus, Arnold has not satisfied the exhaustion requirement under § 2254(b) as to his ineffective assistance claim.

Generally, a district court must dismiss without prejudice a habeas petition containing a mix of both unexhausted and exhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). The court finds it appropriate to do so in this case. Dismissal of the petition without prejudice leaves Arnold "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510. Arnold is advised, however, that in most cases, a state inmate only has one chance to prosecute a federal habeas corpus petition. If Arnold pursues only his exhausted claims in a § 2254 petition now, and waits to file his ineffective assistance claims in a second § 2254 petition at some later time, the later petition will likely be summarily dismissed under 28 U.S.C. § 2254(h) as successive. He is also advised that he has a limited time to file a § 2254 petition, see 28 U.S.C. § 2244(d)(1), although that federal time clock will stop running while properly filed habeas corpus proceedings are proceeding in state court. See 28 U.S.C. § 2244(d)(2). At the conclusion of state habeas proceedings, if Arnold is dissatisfied with the result, he may then raise all of his habeas claims in this court in a new § 2254 petition that will not be considered successive under § 2254(h).

For the reasons stated, the court will dismiss this mixed petition without prejudice. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 3d day of October, 2019.

　　　　　　　　　　　　　　　　　　　　/s/ Glen Conrad
　　　　　　　　　　　　　　　　　　　　Senior United States District Judge